IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**OLLIE LEE EVANS**                                                                                       **PLAINTIFF**

**V.**                                                          **CIVIL ACTION NO. 1:13cv545KS-MTP**

**STATE OF MISSISSIPPI, ET AL.**                                                          **DEFENDANTS**

### Report and Recommendation

BEFORE THE COURT is the *pro se* Petition of Ollie Lee Evans for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having considered the submissions of the parties, the record of the state court proceedings, and the applicable law, the undersigned recommends that the Petition [1] be dismissed with prejudice for failure to exhaust state court remedies.

### Procedural History

Petitioner was convicted of sexual battery in 1996. He was released from prison in 2002. On September 5, 2007, Petitioner pled guilty to the crime of "Failure to Re-Register as a Sex Offender" and was sentenced, pursuant to this plea, as an habitual offender to serve a term of five (5) years in the custody of the Mississippi Department of Corrections ("MDOC") without the possibility of parole.[1]

Petitioner then filed a habeas petition for the 1996 conviction on March 28, 2011.[2] The United States District Court for the Southern District of Mississippi denied his petition because he was not challenging his current incarceration, but his previous one.[3]

Petitioner filed the instant petition [1] on or about August 20, 2013, challenging his 1996 incarceration and current 2007 incarceration. Respondent Ron King filed his Response [7] on

---

[1] State Court Record ("SCR") [7-1].
[2] *See* 4:11-CV-57-HTW-LRA.
[3] Previous Federal Habeas Petition [7-28][7-29]; *see also* 4:11-CV-57-HTW-LRA.

1

September 26, 2013, in which he argues that the instant petition should be dismissed for failure to exhaust state remedies.

Petitioner had a litany of filings in state court as set forth below.

**First State Court Filing and Appeal**

On February 15, 2008, Petitioner filed in Forrest County Circuit Court an "Original Motion and a Notice for Hearing to Grant Evidentiary Hearing for Habitual Statut [sic] Application."[4] The Forrest County Circuit Court denied this motion on August 19, 2008.[5] Under the same case style, on April 2, 2009, Petitioner then filed a "Motion for Permission to Proceed Out of Time," related to his September 5, 2007, conviction and sentence for failure to re-register as a sex offender in the Forrest County Circuit Court.[6] The court denied Petitioner's motion for permission to proceed out of time because he did not give a valid reason for his delay.[7] In May of 2009, Petitioner then appealed the trial court's denial of his motion for permission to proceed out of time to the Mississippi Supreme Court. This appeal was dismissed because Petitioner did not pay for the cost of his appeal.[8] Petitioner then filed, in July of 2009, a "Motion to Alter or Amend the Judgment" in which he challenged the state court's dismissal of his appeal and requested *in forma pauperis* status.[9] The Mississippi Supreme Court denied this motion on August 6, 2009.[10]

---

[4] *See* SCR [7-3][7-4].
[5] *See* SCR [7-3][7-5].
[6] *See* SCR [7-6].
[7] *See* SCR [7-7].
[8] *See* SCR [7-8][7-9][7-10].
[9] *See* SCR [7-11].
[10] *See* SCR [7-12].

**Second State Court Filing**

The docket of the Forrest County Circuit Court reflects that Petitioner then filed a document that was treated as a motion for post-conviction relief on July 29, 2008.[11] The Forrest County Circuit Court issued an Order and Opinion denying petitioner's motion on the merits on August 4, 2010.[12] Significantly, the docket also reflects that Petitioner never appealed this denial of post-conviction relief.[13]

**Third State Court Filing and Appeal**

On September 18, 2009, Petitioner filed in Forrest County Circuit Court a Notice of a "Motion for Permission to Proceed Out of Time" with attached "Motion for Post-Conviction Collateral Relief."[14] This motion, which was treated as a challenge to Petitioner' 2007 plea for "Failure to Re-Register as a Sex Offender" was denied August 12, 2010, as successive.[15] Petitioner then appealed the denial of his successive writ, and on November 22, 2011, the Mississippi Court of Appeals affirmed the judgment of the Forrest County Circuit Court dismissing Petitioner's motion for post-conviction relief as a successive writ. *See Evans v. State*, 75 So. 3d 1119 (Miss. Ct. App. 2011).[16] The court of appeals issued the mandate on December 13, 2011.[17] Petitioner filed a motion for rehearing, which the court dismissed on March 1, 2012, because Petitioner filed it after issuance of the mandate.[18]

---

[11] *See* SCR [7-13].
[12] *See* SCR [7-15].
[13] *See* SCR [7-13].
[14] *See* SCR [7-17].
[15] *See* SCR [7-18].
[16] *See* SCR [7-19].
[17] *See* SCR [7-20].
[18] *See* SCR [7-21].

**Fourth State Court Filing and Appeal**

After this dismissal, Petitioner filed another motion for post-conviction relief on July 25, 2012, in the Forrest County Circuit Court challenging his 2007 plea.[19] The trial court once again dismissed Petitioner case as successive.[20] Petitioner again appealed the trial court's decision, and, on June 18, 2013, the Mississippi Court of Appeals affirmed the trial court's decision dismissing the post-conviction pleadings as successive. *See Evans v. State*, 115 So. 3d 879 (Miss. Ct. App. 2013).[21] The mandate of the court of appeals issued on July 9, 2013.[22] Thereafter, Petitioner filed a "Petition for Writ of Certiorari," which was dismissed as untimely and improper as it was filed after the mandate was issued.[23]

## Grounds For Relief

In the matter before this Court, filed August 20, 2013, Petitioner again challenges his original 1996 plea and sentence, along with his 2007 plea and sentence. The grounds are quoted verbatim from his petition below:

> **Ground One**: Petitutioner filed to low court of the Twelth Circuit Court in Forrest County in Hattiesburg, Miss. and in the United States Supreme Court of Appeals that affirm the low court decision, in his post-conviction relief motion. Petitioner fundamental constitutional right exception to the Successive-writ-bar should apply because the motion addresses various violation of his constitutional right, in this case similar to Rowland case.
>
> **Ground Two**: Petitioner have newly discovered evidence were not previously unavailable at the time filed the post-conviction relief. There were no laboratory test produced at hearing plea bargain and the arresting were no equipped for sicentific analysis experimation are research. No witness at the hearing are trial for a testimony: Testimony: the writting

---

[19] *See* SCR [7-23].
[20] *See* SCR [7-24].
[21] *See* SCR [7-25].
[22] *See* SCR [7-26].
[23] *See* SCR [7-27].

are writter or oral evidence were not given by a witness from any documents or objects by my attorney at law when they should have submitted a testimony, are statement.

**Ground Three**: <u>Colder v. Ball</u>, U.S. 386. Dall IL Fd. 506(1883) Petitioners Evans ex-post-factor-were violated which has not been previously presented in the state are federal. Petitioner's is false imprisonment and a illegal sentence is unlawfully imposed on the petitioner's Evans violated his double jeopardy claim. See Art. 3 § 22. <u>De-Bussi v. State's</u>, 453 So. 2d 1030 (Miss. 1994). Fourteenth-Fourteenth Amendment, and Equal Protection Claim denied a job. <u>Holmes v. Artuz</u>, 1995 WL 634995 (S.D.N.Y. 1995).

**Ground Four**: There were no analysis laboratory test in this case. Na-See The whole trial is fair. also see <u>United States v. Gonzalez-Lopez</u>, 548 U.S. 140, 145, 126 S.Ct. 2557, 154 L.Ed. 2d 409. If a "particular guarantee" is violated, no substitute procedure can cure the violated. Id. At 146, 126 S.Ct. 2557. Ollie Evans argues that prosecution failed to call the custodian or records/analyst to appear - appear and give testimony during the enhancement portion of sentencing. It's clear the prosecutor that the prosecutor - prosecutor had full intentions to enhance Ollie L. Evans punishment and have the court label- label and accept Ollie O. Evans as a habitual offender statute. See <u>Bullcoming v. New Mexico</u>, 131 S. Ct. 2705.

**Analysis**

**1996 Conviction Habeas Claims – Sexual Battery**

A petitioner who is filing a second or successive motion for habeas relief must first apply to the appropriate court of appeals for an order authorizing the district court to consider the successive motion. 28 U.S.C. § 2244(b)(3)(A). The United States Court of Appeals for the Fifth Circuit has defined "a second or successive petition as one that 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir.2009)(citing *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998))(internal quotations omitted).

The Court finds Petitioner's challenge to the 1996 conviction is a successive petition within the meaning of 28 U.S.C. § 2244(b)(3)(A). Petitioner previously filed a habeas petition challenging

5

his 1996 conviction, which was dismissed in 4:11-CV-57-HTW-LRA. The Petitioner in this case has not submitted any documentation demonstrating that he has obtained the required authorization from the United States Court of Appeals for the Fifth Circuit, thus this court is without jurisdiction to decide this issue. Because the Fifth Circuit has not authorized Petitioner to file this claim in this Court, this request for habeas relief related to the 1996 conviction will be dismissed. If Petitioner receives authorization from the Fifth Circuit, he may then re-file a new petition for habeas relief that will be assigned a separate civil action number in this district court.

**2007 Conviction Habeas Claims – Failure to Register as a Sex Offender**

It is a fundamental prerequisite to federal habeas relief that a petitioner exhaust all of his claims in state courts prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995). Pursuant to 28 U.S.C. § 2254 (b)(1) and (c), an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that

(A) the applicant has exhausted the remedies in the courts of the State; or

(B) (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

. . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, a petitioner must present his claims to the state's highest court in a procedurally proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the claims. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999). Exhaustion results from a petitioner's pursuit of his claims through state courts either by direct appeal or by post-conviction proceedings.

*See Orman v. Cain*, 228 F.3d 616, 619-20 & n.6 (5th Cir. 2000). Further, exhaustion requires a habeas applicant to 'present his claims before the state courts in a procedurally proper manner according to the rules of the state courts.'" *Id.* (citing *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988)).

The Mississippi Uniform Post-Conviction Collateral Relief Act provides an avenue for an inmate to challenge his incarceration after he has been convicted in state court. *See* MISS. CODE. ANN. § 99-39-5. Thus, Petitioner's habeas claim concerning the lawfulness of his custody must first be exhausted in state courts. *Walker v. Miss. Parole Bd.*, 333 Fed. App'x. 843, 844 (5th Cir. 1999) (affirming district court's dismissal of habeas petition arising from parole revocation for failure to exhaust state remedies).

As indicated above, Petitioner filed for post-conviction relief multiple times in Forrest County Circuit Court. Petitioner first filed in state court the "Original Motion and a Notice for Hearing to Grant Evidentiary Hearing for Habitual Statut [sic] Application" and a "Motion for Permission to Proceed Out of Time" under the same case style. Both were denied by the trial court, and Petitioner appealed. However, this appeal was dismissed because of Petitioner's failure to pay the cost of the appeal. Because he did not pay for the appeal, no appellate court heard any issue on the merits.[24]

Another filing, the motion to reconsider Petitioner's sentence, was treated as a motion for post-conviction relief and heard on the merits. However, Petitioner failed to appeal the trial court's denial of his motion.[25] Further motions and filings made in the Forrest County Circuit Court and the Mississippi appellate courts, however, were dismissed as successive writs and on other procedural grounds – not on the merits.

In this case, the undersigned find that the Petitioner failed to exhaust his claims in state court. While Petitioner filed multiple times for post-conviction relief in state court he failed to

---

[24] *See* SCR [7-8][7-9].
[25] *See* SCR [7-13][7-15].

appeal the only time his post-conviction relief was denied on the merits.[26] The record before the Court demonstrates that the Petitioner's claims have not been "fairly presented" to the Mississippi Supreme Court in a "procedurally proper manner," as the state court did not have the opportunity to consider the merits of the Petitioner's grounds for relief. *Mercadel*, 179 F.3d at 275. Accordingly, Petitioner has failed to fulfill the exhaustion requirements of 28 U.S.C. § 2254(b)(1), and his petition should be dismissed.

While a habeas petitioner's failure to properly exhaust claims in state court normally results in dismissal without prejudice, the Respondent in this case argues that the instant petition should be dismissed with prejudice to avoid "judicial ping-pong" because Petitioner's claims are procedurally barred from review in state court. *See Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). A procedural default occurs when a habeas petitioner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991)). "When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001) (citing *Coleman*, 501 U.S. at 728).

Respondent argues that if Petitioner again sought post-conviction relief in state court that it would be procedurally barred as successive, thus his habeas petition should be dismissed with prejudice. Moreover, this Court finds that Petitioner would be barred from filing an appeal on the post-conviction motion that the trial court denied on the merits. The Mississippi Rules of Appellate Procedure required Petitioner to appeal the trial court's order denying his request for post-

---

[26] *Id.*

conviction relief within 30 days from the date of entry. *See* M.R.A.P 4(a). His post-conviction motion was denied by the Forrest County Circuit Court on August 4, 2010. He was therefore required to appeal the denial to the Mississippi Supreme Court no later than September 3, 2010. It is now more than 5 years beyond that deadline. A dismissal without prejudice to allow Petitioner to return to the state courts to complete the review process would be futile, as Petitioner would not be permitted to reopen his appeal, nor would he be granted an extension of time under the applicable state court rules. *See* M.R.A.P 4(g) and 4(h)[27]; *see also Bell v. Mississippi Dep't of Corr.*, No. 3:10CV711 HTW-LRA, 2011 WL 2604737, at *2 (S.D. Miss. June 13, 2011), report and recommendation adopted, No. 3:10-CV-711 HTW-LRA, 2011 WL 2601601 (S.D. Miss. June 30, 2011). Furthermore, as indicated by the record, any additional motions for post-conviction relief would now be dismissed as successive.

      Petitioner can overcome this procedural default if he demonstrates "cause for the default and actual prejudice" or shows that "failure to consider the claim will result in a fundamental miscarriage of justice." *Jones v. Jones*, 163 F.3d 285, 296 (5th Cir.1998). "Cause" means something external to the petitioner, not caused by him. *Coleman*, 501 U.S. at 753. Petitioner has not demonstrated that he was prevented from appealing the denial of his post-conviction relief. In fact,

---

[27] M.R.A.P. 4(g) and (h) provides that:
    (g) **Extensions.** The trial court may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time otherwise prescribed by this rule. Any such motion which is filed before expiration of the prescribed time may be granted for good cause and may be ex parte unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to other parties, and the motion shall be granted only upon a showing of excusable neglect. No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.

    **(h) Reopening Time for Appeal.** The trial court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

the record shows that Petitioner filed many motions and appeals in state court at various times, but he did not appeal his denial of post-conviction relief that was decided on the merits. The rest of his filings and motions were successive or procedurally barred. Further, the Court finds that the failure to consider Petitioner's claims will not result in a "fundamental miscarriage of justice." A "miscarriage of justice" requires Petitioner to present new reliable evidence to show, as a factual matter, that he did not commit these crimes. *Fairman v. Anderson*, 188 F.3d 645, 644 (5th Cir.1999). Petitioner presents no new reliable evidence here. He merely makes assertions that certain evidence was not available at his original 1996 conviction. As discussed above, this Court is without jurisdiction to make any ruling on Petitioner's 1996 conviction because it is before the court as a successive petition without authorization from the Fifth Circuit. Therefore, this petition should be dismissed.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that the Petition [1] be DISMISSED WITH PREJUDICE.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by

the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 8th of April, 2016.

s/ Michael T. Parker  
United States Magistrate Judge